*0175000000132150360501321502*

ORIGINAL

# PROMISSORY NOTE

| Principal | Loan Date | Maturity | Loan No | Call / Coll | Account | Officer | Initials |
|---|---|---|---|---|---|---|---|
| $500,000.00 | 06-18-2003 | 07-01-2013 | 1321503605 | 08SH | BR#MON2 | MJT | |

References in the shaded area are for Lender's use only and do not limit the applicability of this document to any particular loan or item.
Any item above containing "***" has been omitted due to text length limitations.

**Borrower:** Tomae Construction Corp (TIN: 22-2463479)
155 Firmenich Way
Port Newark, NJ 07714

**Lender:** Commerce Bank/Shore, N.A.
1101 Hooper Avenue
CN - 2050
Toms River, NJ 08754

**Principal Amount: $500,000.00** **Interest Rate: 6.750%** **Date of Note: June 18, 2003**

**PROMISE TO PAY.** Tomae Construction Corp ("Borrower") promises to pay to Commerce Bank/Shore, N.A. ("Lender"), or order, in lawful money of the United States of America, the principal amount of Five Hundred Thousand & 00/100 Dollars ($500,000.00), together with interest at the rate of 6.750% per annum on the unpaid principal balance from June 18, 2003, until paid in full, together with all applicable fees and expenses.

**PAYMENT.** Borrower will pay this loan in 120 payments of $5,781.58 each payment. Borrower's first payment is due August 1, 2003, and all subsequent payments are due on the same day of each month after that. Borrower's final payment will be due on July 1, 2013, and will be for all principal, accrued interest, and all other applicable fees and expenses, if any, not yet paid. Payments include principal and interest. Unless otherwise agreed or required by applicable law, payments will be applied first to accrued unpaid interest, then to principal, and any remaining amount to any unpaid collection costs and late charges. The annual interest rate for this Note is computed on a 365/360 basis; that is, by applying the ratio of the annual interest rate over a year of 360 days, multiplied by the outstanding principal balance, multiplied by the actual number of days the principal balance is outstanding. Borrower will pay Lender at Lender's address shown above or at such other place as Lender may designate in writing.

**PREPAYMENT PENALTY.** Borrower agrees that all loan fees and other prepaid finance charges are earned fully as of the date of the loan and will not be subject to refund upon early payment (whether voluntary or as a result of default), except as otherwise required by law. Upon prepayment of this Note, Lender is entitled to the following prepayment penalty: Borrower shall have the right at any time during the term hereof to prepay all or a part of the principal balance then outstanding under this Promissory Note upon payment of the premiums and charges hereinafter set forth. A principal prepayment hereinafter referred to as "Principal Prepayment" shall be deemed to have occurred upon Borrower's payment to Lender during the first four (4) years of the Promissory Note of any sum in reduction of principal which exceeds the amount Borrower is required to pay under any term or provision of this Promissory Note, the Mortgage securing this Promissory Note or any other document constituting a part of the loan transaction evidenced by this Promissory Note. Upon the occurrence of a Principal Prepayment including prepayment of the entire debt, Lender shall be entitled to charge and Borrower shall be obligated to pay, in addition to interest and all other charges then properly due, a prepayment premium as follows: i. 4% of all principal prepayments made during the first year commencing with the date of the Promissory Note and continuing for 365 consecutive days thereafter. ii. 3% of all principal prepayments made during the second year commencing with the first anniversary of the Promissory Note and continuing for 365 consecutive days thereafter. iii. 2% of all principal prepayments made during the third year commencing with the second anniversary of the Promissory Note and continuing for 365 consecutive days thereafter. iv. 1% of all principal prepayments made during the fourth year commencing with the third anniversary of the Promissory Note and continuing for 365 consecutive days thereafter. v. No premium shall be charged on any principal reduction made after the fourth year of the term hereof.

**The Bank will allow the repayment of any or all of the principal balance from internally generated sources, not from refinancing in whole or in part, without penalty.**

. **Except for the foregoing, Borrower may pay all or a portion of the amount owed earlier than it is due.** Early payments will not, unless agreed to by Lender in writing, relieve Borrower of Borrower's obligation to continue to make payments under the payment schedule. Rather, early payments will reduce the principal balance due and may result in Borrower's making fewer payments. Borrower agrees not to send Lender payments marked "paid in full", "without recourse", or similar language. If Borrower sends such a payment, Lender may accept it without losing any of Lender's rights under this Note, and Borrower will remain obligated to pay any further amount owed to Lender. All written communications concerning disputed amounts, including any check or other payment instrument that indicates that the payment constitutes "payment in full" of the amount owed or that is tendered with other conditions or limitations or as full satisfaction of a disputed amount must be mailed or delivered to: Commerce Bank, N.A., 2000 Crawford Place Suite 100 Mt. Laurel, NJ 08054.

**LATE CHARGE.** If a payment is 15 days or more late, Borrower will be charged 5.000% of the regularly scheduled payment or $5.00, whichever is greater. This late charge shall be paid to Lender by Borrower for the purpose of defraying the expense incident to the handling of the delinquent payment.

**INTEREST AFTER DEFAULT.** Upon default, including failure to pay upon final maturity, Lender, at its option, may, if permitted under applicable law, increase the interest rate on this Note 3.000 percentage points. The interest rate will not exceed the maximum rate permitted by applicable law.

**DEFAULT.** Each of the following shall constitute an event of default ("Event of Default") under this Note:

**Payment Default.** Borrower fails to make any payment when due under this Note.

**Other Defaults.** Borrower fails to comply with or to perform any other term, obligation, covenant or condition contained in this Note or in any of the related documents or to comply with or to perform any term, obligation, covenant or condition contained in any other agreement between Lender and Borrower.

**Default in Favor of Third Parties.** Borrower or any Grantor defaults under any loan, extension of credit, security agreement, purchase or sales agreement, or any other agreement, in favor of any other creditor or person that may materially affect any of Borrower's property or Borrower's ability to repay this Note or perform Borrower's obligations under this Note or any of the related documents.

**Environmental Default.** Failure of any party to comply with or perform when due any term, obligation, convenant or condition contained in any environmental agreement executed in connection with any loan.

**False Statements.** Any warranty, representation or statement made or furnished to Lender by Borrower or on Borrower's behalf under this Note

Loan No: 1321503605

# PROMISSORY NOTE
(Continued)

Page 2

or the related documents is false or misleading in any material respect, either now or at the time made or furnished or becomes false or misleading at any time thereafter.

**Insolvency.** The dissolution or termination of Borrower's existence as a going business, the insolvency of Borrower, the appointment of a receiver for any part of Borrower's property, any assignment for the benefit of creditors, any type of creditor workout, or the commencement of any proceeding under any bankruptcy or insolvency laws by or against Borrower.

**Creditor or Forfeiture Proceedings.** Commencement of foreclosure or forfeiture proceedings, whether by judicial proceeding, self-help, repossession or any other method, by any creditor of Borrower or by any governmental agency against any collateral securing the loan. This includes a garnishment of any of Borrower's accounts, including deposit accounts, with Lender. However, this Event of Default shall not apply if there is a good faith dispute by Borrower as to the validity or reasonableness of the claim which is the basis of the creditor or forfeiture proceeding and if Borrower gives Lender written notice of the creditor or forfeiture proceeding and deposits with Lender monies or a surety bond for the creditor or forfeiture proceeding, in an amount determined by Lender, in its sole discretion, as being an adequate reserve or bond for the dispute.

**Events Affecting Guarantor.** Any of the preceding events occurs with respect to any Guarantor of any of the indebtedness or any Guarantor dies or becomes incompetent, or revokes or disputes the validity of, or liability under, any guaranty of the indebtedness evidenced by this Note. In the event of a death, Lender, at its option, may, but shall not be required to, permit the Guarantor's estate to assume unconditionally the obligations arising under the guaranty in a manner satisfactory to Lender, and, in doing so, cure any Event of Default.

**Change in Ownership.** Any change in ownership of twenty-five percent (25%) or more of the common stock of Borrower.

**Adverse Change.** A material adverse change occurs in Borrower's financial condition, or Lender believes the prospect of payment or performance of this Note is impaired.

**Insecurity.** Lender in good faith believes itself insecure.

**Cure Provisions.** If any default, other than a default in payment is curable and if Borrower has not been given a notice of a breach of the same provision of this Note within the preceding twelve (12) months, it may be cured (and no event of default will have occurred) if Borrower, after receiving written notice from Lender demanding cure of such default: (1) cures the default within ten (10) days; or (2) if the cure requires more than ten (10) days, immediately initiates steps which Lender deems in Lender's sole discretion to be sufficient to cure the default and thereafter continues and completes all reasonable and necessary steps sufficient to produce compliance as soon as reasonably practical.

**LENDER'S RIGHTS.** Upon default, Lender may declare the entire unpaid principal balance on this Note and all accrued unpaid interest immediately due, and then Borrower will pay that amount.

**ATTORNEYS' FEES; EXPENSES.** Lender may hire or pay someone else to help collect this Note if Borrower does not pay. Borrower will pay Lender that amount. This includes, subject to any limits under applicable law, Lender's attorneys' fees and Lender's legal expenses, whether or not there is a lawsuit, including attorneys' fees, expenses for bankruptcy proceedings (including efforts to modify or vacate any automatic stay or injunction), and appeals. If not prohibited by applicable law, Borrower also will pay any court costs, in addition to all other sums provided by law.

**GOVERNING LAW.** This Note will be governed by, construed and enforced in accordance with federal law and the laws of the State of New Jersey. This Note has been accepted by Lender in the State of New Jersey.

**RIGHT OF SETOFF.** In addition to all liens upon and rights of setoff against Borrower's money, securities or other property given to Lender by law, Lender shall have, with respect to Borrower's obligations to Lender under this Note and to the extent permitted by law, a contractual possessory security interest in and a contractual right of setoff against, and Borrower hereby assigns, conveys, delivers, pledges and transfers to Lender all of Borrower's right, title and interest in and to, all of Borrower's deposits, moneys, securities and other property now or hereafter in the possession of or on deposit with, or in transit to Lender or any other direct or indirect subsidiary of Commerce Bancorp, Inc. whether held in a general or special account or deposit, whether held jointly with someone else or whether held for safekeeping or otherwise, excluding, however, all IRA, Keogh, and trust accounts. Every such security interest and right of setoff may be exercised without demand upon or notice to Borrower. Every such right of setoff shall be deemed to have been exercised immediately upon the occurrence of an Event of Default hereunder without any action of Lender, although Lender may enter such setoff on its books and records at a later time.

**OPTION TO DECLARE LOAN DUE.** Although the repayment of the loan evidenced by this instrument has been designed as if it were to extend for the term established in the "Payment" section, hereinabove outlined, Borrower understands that Lender expressly reserves the right and option, exercisable at its discretion, to declare the entire unpaid balance under this Promissory Note together with all interest which shall have accrued thereon to be due and payable on the fifth (5) anniversary of the date of this Promissory Note and on each succeeding five (5) year anniversary of that date during the term hereof, hereinafter referred to as "Loan Call Date". In the event that Lender desires to exercise its option to declare the Loan due, it shall deliver written notice thereof by regular first class mail to Borrower's last known address within the 180 day period commencing on the 90th day prior to and ending on the 90th day after a Loan Call Date. Borrower shall, within 90 days after the date of written notice by Lender of its exercise of the option, repay the entire principal balance due under this Promissory Note together with all unpaid interest which shall have accrued thereon as well as any sums which may then be due under this Promissory Note or any other document constituting a part of the within loan transaction.

The first Call Option Date is June 18, 2008

The loan will be eligible for Interest Rate resets, concurrent with the Call Option date.

**AMENDMENT TO THE RIGHT OF SETOFF PROVISION.** The Right of Setoff provision appearing above is Null and Void and is hereby replaced with the following. In addition to all liens upon and rights of setoff against Borrower's money, securities or other property given to Lender by Law, Lender shall have, with respect to Borrower's obligations to Lender under this Note and to the extent permitted by law, a contractual possessory security interest in and a contractual right of setoff against, and Borrower hereby assigns, conveys, delivers, pledges and transfers to Lender all of Borrower's right, title and interest in and to, all of Borrower's deposits, moneys, securities and other property now or hereafter in the possession of or on deposit with, or in transit to Lender or any other direct or indirect subsidiary of Commerce Bancorp, Inc. whether held in a general or special account or deposit, whether held jointly with someone else, or whether held for safekeeping or otherwise, excluding, however, all IRA, Keogh, and trust accounts. Every such security interest and right of setoff may be exercised without demand upon or notice to Borrower. Every such right of setoff shall be deemed to have been exercised immediately upon the occurrence of an Event of Default hereunder without any action of Lender, although Lender may enter such setoff on its books and records at a later time.

**MAXIMUM RATE OF INTEREST.** Notwithstanding anything to the contrary contained herein or in any other document executed in connection with the Loan, the effective rate of interest on the Loan shall not exceed the maximum effective rate of interest permitted by applicable law or regulation. The Borrower hereby agrees to give Lender written notice in the event that Borrower has actual knowledge that any interest payment made to Lender with respect to this Loan will cause the total interest payment collected in any one year to be usurious under applicable law, and Lender hereby agrees not to collect knowingly any interest from the Borrower in the form of fees or otherwise which will render this Loan usurious. In the event that such interest would be usurious in Lender's opinion, Lender reserves the right to reduce the interest payable by the Borrower. This provision shall survive closing hereunder and the repayment of the loan.

**SUCCESSOR INTERESTS.** The terms of this Note shall be binding upon Borrower, and upon Borrower's heirs, personal representatives, successors

**PROMISSORY NOTE**
**(Continued)**

Loan No: 1 21503605                                                                                                                     Page 3

and assigns, and shall inure to the benefit of Lender and its successors and assigns.

**GENERAL PROVISIONS.** Lender may delay or forgo enforcing any of its rights or remedies under this Note without losing them. Borrower and any other person who signs, guarantees or endorses this Note, to the extent allowed by law, waive presentment, demand for payment, and notice of dishonor. Upon any change in the terms of this Note, and unless otherwise expressly stated in writing, no party who signs this Note, whether as maker, guarantor, accommodation maker or endorser, shall be released from liability. All such parties agree that Lender may renew or extend (repeatedly and for any length of time) this loan or release any party or guarantor or collateral; or impair, fail to realize upon or perfect Lender's security interest in the collateral; and take any other action deemed necessary by Lender without the consent of or notice to anyone. All such parties also agree that Lender may modify this loan without the consent of or notice to anyone other than the party with whom the modification is made. The obligations under this Note are joint and several.

**POST CLOSING COMPLIANCE.** Borrower agrees to execute, re-execute, cause any Guarantor(s) or third party(ies) involved in the loan transaction or any renewal, extension or modification thereof (the "Loan") to execute and or re-execute and to deliver to Lender or its legal counsel, as may be deemed appropriate, any document or instrument signed in connection with the Loan which was incorrectly drafted and/or signed, as well as any document or instrument which should have been signed at or prior to the closing of the Loan, but which was not so signed and delivered. Borrower agrees to comply with any written request by Lender within ten (10) days after receipt by Borrower of such request. Failure by Borrower to so comply shall, at the option of Lender, upon notice to Borrower, constitute an event of default under the Loan.

**JURY WAIVER.** Lender and Borrower hereby waive the right to any jury trial in any action, proceeding, or counterclaim brought by either Lender or Borrower against the other.

**PRIOR TO SIGNING THIS NOTE, BORROWER READ AND UNDERSTOOD ALL THE PROVISIONS OF THIS NOTE. BORROWER AGREES TO THE TERMS OF THE NOTE.**

**BORROWER ACKNOWLEDGES RECEIPT OF A COMPLETED COPY OF THIS PROMISSORY NOTE.**

**THIS NOTE IS GIVEN UNDER SEAL AND IT IS INTENDED THAT THIS NOTE IS AND SHALL CONSTITUTE AND HAVE THE EFFECT OF A SEALED INSTRUMENT ACCORDING TO LAW.**

BORROWER:

TOMAE CONSTRUCTION CORP

By: _____ (Seal)            By: _____ (Seal)
Robert M. Reiss, President of Tomae Construction         Joseph DiBlasi, Secretary/Foreman of Tomae
Corp                                                      Construction Corp

ATTEST:

_____
Secretary or Assistant Secretary                          ( Corporate Seal )